IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LAMAR WALTON,

     Plaintiff,

v.

UNITED STATES OF AMERICA.

     Defendant.

Case No. 17-CV-1430

## ORDER

Lamar Walton brings this lawsuit against the United States of America under the Federal Tort Claims Act. He alleges that medical personnel at a federal prison in the Eastern District of Arkansas where he was incarcerated failed to provide him adequate follow-up care after a corneal transplant of his right eye and that as a result, he suffered severe vision loss in his right eye. The United States of America moves to transfer venue of the lawsuit to the Eastern District of Arkansas under 28 U.S.C. §1404(a).

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a). The parties do not dispute that venue is proper in both the Eastern District of Wisconsin and the Eastern District of Arkansas. Accordingly, I need only address whether transfer would serve the convenience of the parties and witnesses and promote the interests of justice. The convenience inquiry requires consideration of the situs of material events, ease of access to sources of proof, including the location of the parties and the witnesses, and plaintiff's choice of forum. *Harley–Davidson, Inc. v. Columbia Tristar Homes Video, Inc.*, 851 F.Supp. 1265, 1269 (E.D.

Wis. 1994); *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 829 (N.D. Ill. 1990). The "interest of justice" analysis focuses on whether transfer would promote the "efficient administration of the court system," including whether transfer would insure or hinder a speedy trial. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 ( 7th Cir. 1986). As the movant in this case, the United States bears the burden of establishing that the transferee forum is clearly more convenient. *Id*. at 219.

I begin with the convenience inquiry. The plaintiff's choice of forum is usually given substantial weight, particularly if it is also the plaintiff's home forum. However, the plaintiff's choice of forum is given less deference when the incident underlying the complaint did not occur in the chosen forum. In this case, the Eastern District of Wisconsin is Walton's home, but the events underlying the complaint occurred in the federal prison in the Eastern District of Arkansas. Therefore, this factor weighs in favor of transfer.

As for the ease of access to proof, given today's technology, access to documents would not be an inconvenience to either party. This is not a case where it is necessary to visit the sight of the incident. Accordingly, this consideration does not tip the scale in favor of either location.

The heart of the dispute on the convenience inquiry is which district is more convenient for the parties and witnesses. The United States maintains that all of the witnesses that might be called at trial reside in the Eastern District of Arkansas or in nearby Memphis Tennessee. It, therefore, argues that keeping the case in this district would be expensive and unnecessarily time consuming. (Gov't Br. at 4, Docket # 12.)

Walton argues, as already stated, that he resides in the Eastern District of Wisconsin. He further argues that because of his loss of vision and his lack of employment, travelling

would be difficult for him. Additionally, he argues that his treating physician who will testify in support of his claim resides in this district. Finally, Walton anticipates calling as witnesses family and friends who can attest to the impact his blindness has had on his life and ability to work. Because of all this, he argues that transferring venue to the Eastern District of Arkansas would create significant financial and logistical burden on his ability to prosecute his claim. (Pl.'s Br. at 4, Docket # 13.)

Given that either side will have to travel and suffer the inconveniences and expenses associated with travel, this becomes a question of which side would be more inconvenienced and financially burdened. Though a close call, it appears that Walton and his witnesses would be more inconvenienced. In addition to Walton being unemployed, his blindness would make it difficult for him to travel. Further, unlike the United States' witnesses whose travel expenses would be covered by their employer, Walton's witnesses, his treating physician and family members, would have to cover their own costs of travel. I also consider that this is not a case where the United States will have to produce inmates to testify and be burdened by the security risks associated with the transportation of inmates. The United States' witnesses are the medical professionals of the prison or contracted by the prison. Also, as the party with the burden of proof at trial, Walton is more likely to be prejudiced if he cannot get his witnesses to travel to the Eastern District of Arkansas to testify. Accordingly, the defendants have not shown that the Eastern District of Arkansas is the more convenient location for all or most of the witnesses. Thus, this factor weighs against transfer.

The "interests of justice" analysis focuses on whether transfer would promote the "efficient administration of the court system," including whether transfer would insure or

hinder a speedy trial. *Coffey*, 796 F.2d at 221. The interests of justice may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. *Id*. at 220.

The United States correctly argues that this lawsuit is in its early stage and that there are no significant motions under consideration weighing against transfer of venue. As for the efficient administration of justice, the United States submits that the two districts offer competing advantages. Citing to the Federal Court Management Statistics, the United States submits that the Eastern District of Wisconsin reaches civil dispositions faster, but the Eastern District of Arkansas brings cases to civil trial more quickly. In my view, because the districts offer competing advantages, neither keeping the case in this district nor transferring it to the Eastern District of Arkansas would hinder the interest of justice.

In the end, balancing the convenience of the parties and witnesses and the interest of justice, I am not persuaded the United States has shown that the scale tips in favor of transfer to the Eastern District of Arkansas. I appreciate that the underlying incident occurred in the Eastern District of Arkansas. Though this is an important consideration, it is not the only factor to consider. I also appreciate that having this case in this district poses inconveniences to the United States' witnesses all or most who are medical personnel at the federal prison in Eastern District of Arkansas. Though the determination on the convenience to the parties is close, the financial and logistical burden that travel would impose on Walton and his witnesses tips the scale against transfer. For these reasons, I will deny the United States' motion to transfer venue of this case to the Eastern District of Arkansas.

Dated at Milwaukee, Wisconsin this  day of April 2018

                                                *s/Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge